UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE HONORABLE OTTO J. REICH and
OTTO REICH ASSOCIATES, LLC,

          Plaintiffs,

vs.

LEOPOLDO ALEJANDRO BETANCOURT
LOPEZ, PEDRO JOSE TREBBAU LOPEZ, and
FRANCISCO D'AGOSTINO CASADO,

          Defendants.

ECF CASE

13 CV 5307 (PJO)

---

### DECLARATION OF LEOPOLDO ALEJANDRO BETANCOURT LOPEZ IN SUPPORT OF THE MOTION BY DEFENDANTS LEOPOLDO ALEJANDRO BETANCOURT LOPEZ AND PEDRO JOSE TREBBAU LOPEZ TO STAY OBLIGATIONS TO ANSWER

LEOPOLDO ALEJANDRO BETANCOURT LOPEZ declares under penalty of perjury under the laws of the United States of America:

1. I am a defendant in the above-captioned action. I make this declaration in support of Pedro Jose Trebbau Lopez's and my motion pursuant to Fed. R. Civ. P. 6(b)(1) and 12(a)(4) to stay our obligations to answer the First Amended Complaint while we complete Court-ordered jurisdictional discovery and the Court considers our renewed motion to dismiss for lack of personal jurisdiction after the completion of jurisdictional discovery.

2. On February 28, 2014, Mr. Trebbau and I moved to dismiss the First Amended Complaint on the ground that the RICO claims failed to state claims for relief and that the Court lacked personal jurisdiction over us.

3. By Opinion and Order dated August 18, 2014, the Court dismissed Claims I, II and VII and, with respect to Claims III-VI, ordered that the parties engage in limited jurisdictional discovery to enable the Court to determine where Mr. Trebbau and I are "domiciled." (Opinion 30). The Court ordered my attorneys and counsel for Plaintiffs to submit by September 12, 2014, a letter addressing the scope and schedule of the proposed limited jurisdictional discovery. My attorneys are in the process of working with Plaintiffs' counsel to comply with the Court's Order.

4. It is the position of myself and Mr. Trebbau that our obligations to answer Claims III-VI of the First Amended Complaint should be adjourned pending the parties' completion of the Court-ordered limited jurisdictional discovery and the Court's determination of our renewed motion to dismiss for lack of personal jurisdiction.

5. With respect to where I am domiciled, I am a citizen and domiciliary of Venezuela. Except for one school year when I attended preparatory school in Wisconsin and about four years when I attended Suffolk University in Boston, Massachusetts I have resided in Caracas, Venezuela my entire life. I attended those schools as a foreign student.

6. When this lawsuit was filed, on July 30, 2013, my home and domicile were and still remain today Caracas, Venezuela.

7. I am attaching as Exhibit A to this Declaration a true and correct copy of my voter registration record, showing my voter registration in the municipality of El Hatillo, state of Miranda, Republic of Venezuela, and a certified translation thereof.

8. I am attaching as Exhibit B to this Declaration a true and correct copy of my tax registration record, showing my registration for tax purposes in Venezuela since 2006, and a certified translation thereof.

9. I am attaching as Exhibit C to this Declaration a true and correct copy of my Venezuela driver's license issued on October 1, 2012, which I obtained after I misplaced my previous Venezuela driver's license issued on July 22, 2010. I have since located the 2010 license, a true and correct copy of which is included in Exhibit C.

10. I have never been a domiciliary of, or resided in, New York. I have never had a New York driver's license. I have never been registered to vote in New York. I have never filed tax returns in New York.

11. Since July 30, 2013, when this lawsuit was commenced, I have spent fewer than five nights in New York.

12. In 2010, I purchased an apartment in New York City. I use the apartment for occasional vacations and holidays. It is not my home. Since purchasing the apartment, I have spent in total fewer than 20 nights there. I also own apartments in Sunny Isles Beach, Florida; Madrid, Spain; and Paris, France. I am a partial owner of a farm in Madrid, Spain.

13. From 2009 until 2013, I held a personal account at JP Morgan Chase Bank in New York. This account was never my primary bank account. I used it primarily to make payments associated with my New York apartment.

14. I have never been to, or conducted business from, an office located at 450 Park Avenue, New York. I have never maintained any office in New York.

15. Plaintiffs' First Amended Complaint alleges that an airplane of which I am part owner, N229DA, came to the United States, "including Teterboro, New Jersey," 185 times during the period from December 20, 2010 to June 8, 2013. FAC ¶ 208. In fact, during the period from December 20, 2010 to the present, that airplane came to Teterboro fewer than ten times.

16. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed:   Caracas, Venezuela
            September 4, 2014

_____
LEOPOLDO ALEJANDRO BETANCOURT LOPEZ