UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THE HONORABLE OTTO J. REICH and
OTTO REICH ASSOCIATES, LLC,

Plaintiffs,

v.

LEOPOLDO ALEJANDRO BETANCOURT LOPEZ,
PEDRO JOSE TREBBAU LOPEZ, and FRANCISCO
D'AGOSTINO CASADO,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civ. No. 13 CV 5307 (JPO)

ECF CASE

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION TO VACATE THE COURT'S INTERIM SEALING ORDER
AND UNSEAL DOCUMENTS PREVIOUSLY FILED UNDER SEAL

SMITH VALLIERE PLLC
1221 Avenue of the Americas, 42nd Floor
New York, New York 10020
(212) 755-5200

*Attorneys for Plaintiffs*
*The Honorable Otto J. Reich and*
*Otto Reich Associates, LLC*

Plaintiffs the Honorable Otto J. Reich and Otto Reich Associates, LLC (together, "Plaintiffs"), by and through their counsel, Smith Valliere PLLC, submit this Memorandum of Law and the accompanying Declaration of Mark W. Smith, dated March 10, 2015, with exhibits (the "Smith Decl."), in support of their motion to vacate the Court's interim sealing order, dated November 13, 2014, and unseal documents previously filed under seal with the Court in connection with Defendants' Leopoldo Alejandro Betancourt Lopez ("Betancourt") and Pedro Jose Trebbau Lopez ("Trebbau") (together, "Defendants") Renewed Motions to Dismiss Pursuant To Fed. R. Civ. P. 12(b)(2) (the "Motions"), including, but not limited to, the parties' discovery-related letters concerning the same.

## PRELIMINARY STATEMENT

During jurisdictional discovery, Defendants requested that Plaintiffs enter into a protective order permitting Defendants to designate large categories of documents as "Confidential." In Plaintiffs' view, neither the law nor the facts warranted such designation, which would severely restrict access to, and the use of, those documents during the litigation. Plaintiffs did not – and do not – believe that such broad restrictions on discovery are warranted here. It is undisputed that this is a high-profile case of considerable public interest both in the United States and abroad. Defendants themselves acknowledge that they are the subject of "worldwide news discussion," including "immediate inquiries from," and stories published by, "news outlets such as the Wall Street Journal." (*See* J. DeMaria's Letter to the Court, dated November 5, 2014, [Doc. No. 87].) This case is also potentially one of first impression in the Second Circuit concerning the application of the United States Supreme Court's decision in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), to wealthy individual defendants claiming to be domiciliaries of a foreign country. Here, there is no legal or other justification for these

important jurisdictional issues to be litigated in secret and hidden from public scrutiny and, indeed, doing so unfairly prejudices the public and Plaintiffs.[1]

## RELEVANT PROCEDURAL BACKGROUND

By letter dated November 6, 2014 [Doc. No. 88], Defendants requested that the Court issue an interim protective order in connection with certain discovery issues. Defendants *did not* seek a sealing order. (*See also* [Doc. No. 86].) By letter dated November 7, 2014 [Doc. No. 89], Plaintiffs objected to Defendants' request for a protective order. (*See also* [Doc. No. 92].) Plaintiffs continue to dispute that the broad, undefined categories of information identified by Defendants in their letter submissions are entitled to any confidential treatment, let alone the strict confidentiality limitations Defendants ask this Court to impose.

On November 13, 2014, without the benefit of additional (or any) briefing and in the absence of any Rule 37 conference, the Court (i) instructed the parties to confer for the purpose of reaching an agreement on a confidentiality regime, (ii) ruled that "[p]ersonal contact information, financial information, and the like are properly designated as confidential," and (iii) ordered that until the parties reach an agreement on confidentiality, all such information could be used only for purposes of the litigation, could not be disclosed to third parties, and ordered the parties to file under seal any papers containing such information (the "Interim Sealing Order" [Doc. No. 103]). The parties never reached an agreement on a confidentiality protective order. Plaintiffs remain willing to maintain the confidentiality of Defendants' Social Security numbers, passport numbers, and the account numbers of any financial accounts, but Plaintiffs will consent to no further accommodations (nor are any others required here under the

---

[1] The instant motion does not address the scope of jurisdictional discovery or Defendants' request to maintain the confidentiality of certain discovery documents. Plaintiffs expressly preserve and are not waiving arguments previously advanced by them in their prior submissions to the Court concerning jurisdictional discovery.

law).  Defendants have sought restrictions on confidentiality that are simply untenable and

designed to handicap Plaintiffs' ability to prosecute this suit, among other things.

Defendants did not make any showing of need for the Interim Sealing Order, much less

the significant showing required to overcome the First Amendment-based presumption that the

parties' submissions in connection with Defendants' Motions must be publicly available.  No

briefing, hearing or oral argument occurred, and Defendants did not even suggest any factual or

legal findings on the topics of confidentiality or the sealing of filed documents.  Absent these

required procedures and findings, the Interim Sealing Order must be vacated and all of the

parties' prior submissions to the Court, which have been filed under seal, should be unsealed and

filed on the public court docket.

## ARGUMENT

## POINT 1

## THE INTERIM SEALING ORDER SHOULD BE VACATED

There is a very strong presumption in the Second Circuit – based on the First Amendment

– that judicial documents (including submissions in connection with dispositive motions) must

be available to the public and may not be sealed absent compelling circumstances.  The Second

Circuit has ruled repeatedly that a party seeking a sealing order must meet an extremely high

burden to justify its request, and that the Court may not grant such a request, or order documents

to be filed under seal, without making specific findings on the record overcoming that

Constitutionally-based presumption.  None of the factors or procedures necessary to permit the

sealing of documents relating to the Motions has been satisfied here.  Accordingly, the Court's

Interim Sealing Order requiring the filing of documents under seal should be vacated, and the

parties' submissions in connection with the Motions, including the parties' discovery letters,

should be unsealed and made available to the public like in every other case in the Southern

District of New York.

    **A.    There Is No Basis To Maintain The Secrecy Of Filed Documents Concerning Defendants' Pending Motions**

A court may not permit the sealing of filed judicial documents, including submissions in

support of and in opposition to dispositive motions, without making specific, on-the-record

findings that the public's First Amendment right to access such documents is overcome by

"higher values." The Second Circuit has ruled that:

> documents submitted to a court in support of or in opposition to a
> motion for summary judgment are judicial documents to which a
> presumption of immediate public access attaches under both the
> common law and the First Amendment. . . . the presumption of
> access here can be overcome only by specific, on-the-record
> findings that higher values necessitate a narrowly tailored sealing.
> . . . [Because] each passing day may constitute a separate and
> cognizable infringement of the First Amendment, the district court
> erred not only in failing to make the specific, on-the-record
> findings required in order to justify its denial [of access] but also in
> failing to act expeditiously.

*Lugosch v. Pyramid Co.*, 435 F.3d 110, 126 (2d Cir. 2006) (internal quotations and citations

omitted).

Here, Defendants submitted legal and factual materials in support of their Motions, and

Plaintiffs submitted legal and factual materials in opposition. Defendants' Motions are

dispositive motions. For the purpose of this Motion, the parties' submissions are conceptually

indistinguishable from facts and documents submitted in support of and in opposition to

summary judgment. As the Second Circuit recognized in *Lugosch*, rulings on dispositive

motions such as summary judgment motions are adjudications by the Court: "an adjudication is

a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny."[2] *Id.* (quoting *Joy v. North*, 692 F.2d 880 (2d Cir. 1982)).

There is no reason – much less a compelling one – that could justify the Court's sealing of the parties' submissions relating to Defendants' Motions. There are no "higher values" that could conceivably justify preventing public access to this information. Even where the sealing of some information is appropriate, the scope of sealing must be "narrowly tailored to serve that" higher value. *United States v. Haller*, 837 F.2d 84, 87 (2d Cir. 1988) (quoting *Press-Enterprise II*, 106 S. Ct. 2735, 2743 (1986)). The Second Circuit recognizes the existence of "higher values" that can justify overcoming First Amendment considerations; but such "higher values" arise only in very limited circumstances, such as ongoing grand jury proceedings (*Doe No. 4 v. Doe No. 1 (In re Grand Jury Subpoena)*, 103 F.3d 234 (2d Cir. 1996)), protecting the identify of confidential government informants (*United States v. Doe*, 63 F.3d 121 (2d Cir. 1995)), and protecting the identity of undercover police officers (*Ayala v. Speckard*, 131 F.3d 62 (2d Cir. 1997)). The types of financial and personal information Defendants seek to protect do not approach the level of sensitivity or implicate the safety concerns that have been held to constitute the types of "higher values" justifying sealing court records. This is particularly true where

---

[2]     The Second Circuit held in *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141-42 (2d Cir. 2004), that even in the absence of a motion by any party or third party, a court has an obligation to ensure that documents are not improperly sealed from public view. *See also Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 307 (2d Cir. 1997) (requiring, *sua sponte*, that the district court review records filed wholesale under seal to determine whether their confidential treatment was warranted, without considering whether there was a person or entity that had a specific interest in gaining access to them or maintaining them in the public files of the court); *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) ("The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)."); *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002) ("The existence of public scrutiny or active media interest in a case does not control whether [a protective order] is warranted.") Defendants acknowledged in their letter to the Court dated November 5, 2014 [Doc. No. 87] that the facts of this case were the subject of "worldwide news discussion," including "immediate inquiries from," and stories published by "news outlets such as the Wall Street Journal."

Defendants themselves placed at issue their private information in an attempt to dismiss this case.

Even if such higher values could exist in these materials, the Court could only make that determination through specific, on-the-record findings before it could justify the sealing of the documents. *See Lugosch*, 435 F.3d at 126. That has not occurred.[3]

Defendants volitionally and unilaterally injected the question of personal jurisdiction into this case. Motions to dismiss on jurisdictional grounds under Fed. R. Civ. P. 12(b)(2) necessarily involve facts concerning the moving defendants' residences, real estate and personal property holdings, bank accounts, investment accounts, social club memberships, and other arguably personal information, and are routinely litigated in the Second Circuit without being filed under seal. As the cases cited in Plaintiffs' opposition to the Motions demonstrate, the very personal facts at issue in the Motions are openly and routinely discussed by courts in the personal jurisdiction context. *See, e.g., Bhatti v. Pettigrew*, No. 11 Civ. 1044 (JPO), 2012 U.S. Dist. LEXIS 47132 at *8 (S.D.N.Y. Apr. 2, 2012) (discussing defendants' residence and fact that defendant resided in a friend's apartment); *First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F. Supp. 369, 393 (S.D.N.Y. 2002) (defendant's residence); *Greatship (India) Ltd. v. Marine Logistics Solutions (Marsol) LLC*, No. 11 Civ. 420 (RJH), 2012 U.S. Dist. LEXIS 8231, at *11 (S.D.N.Y. Jan. 24, 2012) (whether defendant has previously sued in New York); *ABKD Indus., Inc. v. Lennon*, 52 A.D.2d 435, 439 (1st Dep't 1976) (retention of lawyers); *Daniel v. Am. Bd. Of Emergency Med.*, 988 F. Supp. 127 (W.D.N.Y. 1997) (business, operational and financial activities); *Optimum Worldwide Ltd. v. Klebener*, 95 Civ. 1359 (HB), 1996 U.S. Dist. LEXIS 1740, at *13-14 (S.D.N.Y. Feb. 16, 1996) (travel to New York); *Biro v. Conde Nast*, 11 Civ.

---

[3]     Plaintiffs will agree to redact Defendants' Social Security numbers, passport numbers, and bank account numbers, in the publicly-filed versions of the documents.

6

4402 (JPO), 2012 U.S. Dist. LEXIS 113188, at *12 (S.D.N.Y. August 10, 2012) (engagement of

public relations firms to perform services in New York); *Nat'l Artists Mgmt. Co. v. Weaving*, 769

F. Supp. 1224 (S.D.N.Y. 1991) (cited by both Defendants) (residence; residence of defendant's

spouse; exercise of civil and political rights; payment of taxes; location of real property owned

by defendant; place of issuance of driver's license; place of employment); *Finkelstein v.*

*Wachtel*, 00 CIV. 2672, 2003 WL 1918309 (S.D.N.Y. Apr. 21, 2003) (cited by Betancourt) (time

spent in various residences; use of doctors and lawyers, banking and broker relationships);

*Henderson v. FLOORgraphics, Inc.*, 839 F. Supp. 2d 133 (D. Conn. 2001) (ownership and use of

vacation homes).

### B. The Public's Interest In This Case Outweighs Any Purported Confidentiality Concerns

The fact that the Court's ruling on the Motions may concern the application of the

*Daimler* decision to individual defendants who claim to be domiciliaries of a foreign country that

is undeniably unavailable as an alternate venue to U.S. citizens, such as Plaintiffs here, militates

further against permitting the Motions to be litigated under seal. Heightening the public's

interest here is that the case involves the former U.S. Ambassador to Venezuela; claims of

Venezuelan corruption, which has been reported on at length in the U.S. press and was the

subject of a March 9, 2015 Executive Order by President Barack Obama (*see* Smith Decl., Ex.

2); and that Defendants seek to avoid having to answer a lawsuit in the same state where they

have amassed considerable wealth and from which they derive so many financial and other

benefits, including the use of the New York court system. For these reasons, the Court's

decision on the Motions is not only important to the parties here, but may be precedential and/or

of interest to other litigants, other New York district courts, including sister courts in the

Southern District, and even the Second Circuit.

There can be no legitimate basis for continuing to require that the parties' submissions remain under seal.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court vacate that portion of its November 13, 2014 Order requiring the filing of documents under seal, and order the parties' submissions in connection with and related to Defendants' renewed Fed. R. Civ. P. 12(b)(2) motions unsealed and re-filed via ECF, subject only to the requirement that the parties redact any Social Security numbers or other government-issued identifying numbers, and bank account numbers.

Dated: New York, New York
      March 10, 2015

SMITH VALLIERE PLLC

By: _____
      Mark W. Smith, Esq.
      Noelle Kowalczyk, Esq.

1221 Avenue of the Americas, 42nd Floor
New York, New York 10020
(212) 755-5200
msmith@svlaw.com
nkowalczyk@svlaw.com

*Attorneys for Plaintiffs*
*The Honorable Otto J. Reich*
*and Otto Reich Associates, LLC*

## CERTIFICATE OF SERVICE

I hereby certify this 10th day of March, 2015, that I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to the following attorneys of record, and is available for viewing and downloading:

Frank H. Wohl
Julia C. Green
Lankler Siffert & Wohl
500 Fifth Avenue, 34th Floor
New York, NY 10110
*Attorneys for Defendant Leopoldo Alejandro Betancourt Lopez*

Joseph A. DeMaria
Fox Rothschild LLP
200 South Biscayne Blvd.
Suite 3590
Miami, FL 33131
*Attorneys for Defendant Pedro Jose Trebbau Lopez*

Shawn Rabin
Susman Godfrey, L.L.P.
560 Lexington Avenue, 15th Floor
New York, NY 10022
*Attorneys for Defendant Francisco D'Agostino Casado*

_____
Mark W. Smith