UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE HONORABLE OTTO J. REICH and
OTTO REICH ASSOCIATES, LLC,

    Plaintiffs,

vs.

LEOPOLDO ALEJANDRO BETANCOURT
LOPEZ, PEDRO JOSE TREBBAU LOPEZ, and
FRANCISCO D'AGOSTINO CASADO,

    Defendants.

**Defendants' Public Filing**

~~SEALED DOCUMENT~~

ECF: 13 CV 5307 (PJO)

# DEFENDANT PEDRO JOSE TREBBAU LOPEZ'S MEMORANDUM OF LAW IN SUPPORT OF HIS RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Fox Rothschild LLP
200 S. Biscayne Blvd., Suite 3590
Miami, Florida 33131
(305) 442-6540
*Attorneys for Defendant
Pedro Jose Trebbau Lopez*

Defendant Pedro Jose Trebbau Lopez ("Mr. Trebbau") respectfully submits this memorandum of law in support of his Renewed Motion to Dismiss Claims Third, Fourth, Fifth, and Sixth of the First Amended Complaint, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for Lack of Personal Jurisdiction, and states as follows:

## PRELIMINARY STATEMENT

Co-Defendant Leopoldo Alejandro Betancourt Lopez is separately filing a motion to dismiss for lack of personal jurisdiction, with a supporting memorandum of law (the "Betancourt Memorandum"). The Betancourt Memorandum describes the procedural posture of the case, including the dictates of this Court's August 18, 2014 Opinion and Order on Defendants' motions to dismiss (D.E. 59) (the "Opinion"). The Betancourt Memorandum also sets forth the general law applicable to this Court's sole remaining inquiry with respect to Defendants' renewed motions to dismiss for lack of personal jurisdiction—whether Defendants were domiciled in New York during the relevant time period. (Opinion at 23-26, 30.)[1]

Mr. Trebbau joins in the Betancourt Memorandum and adopts its description of the proceedings and applicable legal standards, which, for the sake of brevity and judicial economy, will not be repeated here. This memorandum analyzes the jurisdictional facts regarding Mr. Trebbau that were developed through Plaintiffs' extensive discovery efforts and applies those facts to these legal standards.

As this Court is well aware, each defendant's jurisdictional contacts must be separately assessed. *See Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980); *see also Gen Ads, LLC v. Breitbart*, 435 F. Supp. 2d 1116, 1124 (W.D. Wash. 2006) ("Courts consider personal

---

[1] This Court rejected Plaintiffs' theories of specific jurisdiction. (Opinion at 26-29.) While this Court recognized that it is possible in some instances to assert general jurisdiction irrespective of domicile, it found that "this case is not one of those rare instances." (*Id.* at 25-26.)

jurisdiction as it relates to each individual defendant.") (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). When this Court analyzes the jurisdictional facts regarding Mr. Trebbau, the only conclusion can be that Mr. Trebbau was not domiciled in New York during the relevant time period and is thus not subject to the personal jurisdiction of this Court. Accordingly, the remaining state-law claims pending as to Mr. Trebbau should be dismissed.

## ARGUMENT

### 1. Mr. Trebbau's Domicile is in Caracas, Venezuela

It is well-established that "[a] person can have only one domicile at any given time." *Dukes ex rel. Dukes v. NYCERS*, No. 13-CV-5303, 2014 WL 583235, at *1 (E.D.N.Y. Feb. 12, 2014) (citing *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). The results of Plaintiffs' jurisdictional discovery confirm that Mr. Trebbau's domicile is and has always been in Venezuela.

Mr. Trebbau was born in Caracas, Venezuela. (*See* Declaration of Joseph A. DeMaria, dated December 23, 2014 ("DeMaria Decl."), Ex. G.)[2] "One acquires a 'domicile of origin' at birth, which continues until a change in domicile occurs." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). Mr. Trebbau has never changed his domicile, as he has resided almost exclusively in Caracas, Venezuela. Apart from four years spent at a preparatory school in Connecticut and four years of college in Boston, Massachusetts, Mr. Trebbau has lived his entire life in Caracas, Venezuela. (Declaration of Pedro Jose Trebbau Lopez, dated September 5, 2014, DeMaria Decl., Ex. B ("Trebbau Decl.") ¶ 5.) Mr. Trebbau lived with his parents in their family home in Caracas,

---

[2] Mr. Trebbau is filing a Declaration, dated December 23, 2014, authenticating the first page of his passport, which states his place of birth. The passport page is Exhibit A to this declaration.

2

Venezuela, until late 2012, when he purchased and moved into his own apartment, also in Caracas, Venezuela, where he currently resides. (*See* Deposition Transcript of Pedro Jose Trebbau Lopez, dated December 12, 2014, DeMaria Decl. Ex. A ("Trebbau Dep. Tr.") 49:9-17, 50:1-19; Pedro Jose Trebbau Lopez's Responses to Plaintiffs' Second Set of Interrogatories, DeMaria Decl. Ex. E ("Second Interrogatory Responses") at 1.)

It is also well-established that domicile is the place "where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos*, 157 F.3d at 948 (citation and internal quotation marks omitted); *see also Jordan v. Verizon Corp.*, No. 08 CIV. 6414 (GEL), 2008 WL 5209989, at *4 (S.D.N.Y. Dec. 10, 2008) ("Domicile . . . is established by residency coupled with an intention to make that residence one's permanent home.") (citing *Texas v. Florida*, 306 U.S. 398 (1939)). Mr. Trebbau's Declarations (and supporting exhibits), discovery responses, and deposition testimony all confirm that his residency, permanent home, principal establishment, and place where he always returns is Venezuela, and there is a "century-old presumption that a long-time domicile in a particular jurisdiction is presumed to continue." *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998) (citations omitted). Plaintiffs' jurisdictional discovery has revealed nothing to rebut this presumption. To the contrary, the jurisdictional discovery rebuts Plaintiffs' jurisdictional allegation that Mr. Trebbau "resides primarily in the United States." (First Amended Complaint ¶ 26.)

The jurisdictional discovery in this case also proves that Mr. Trebbau has never maintained a residence in New York. (*See, e.g.*, Trebbau Decl. ¶¶ 10, 12.) That indisputable fact alone defeats any claim of New York domicile as to this defendant. As the Second Circuit has explained:

3

> It is well established that in order to effect a change of one's legal domicil, two things are indispensable: First, residence in a new domicil; and, second, the intention to remain there. The change cannot be made, except *facto et animo.* Both are alike necessary. Either without the other is insufficient.

*Linardos*, 157 F.3d at 948 (citing *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383 (1904)) (internal quotation marks omitted). Mr. Trebbau's residence is the *sine qua non* of this domicile analysis and Plaintiffs cannot prevail on that element.

Further, even in cases where a defendant has maintained a second residence in the forum jurisdiction (which is not the case here), courts give "considerable weight" to the residence of a married person's spouse. *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1228 (S.D.N.Y. 1991). Mr. Trebbau was married in February 2013, and has since lived with his wife in Caracas, Venezuela. (Trebbau Dep. Tr. 30:22-23; 49:9-12, Second Interrogatory Responses at 1.)

Regardless, Mr. Trebbau's numerous other personal connections with Venezuela confirm that he is domiciled in Venezuela and intends to remain there. Mr. Trebbau is a citizen of Venezuela, where he is registered to vote and registered for tax purposes. (Trebbau Decl. ¶¶ 5, 7-8, Exs. A and B.) Mr. Trebbau's driver's license is a Venezuelan license (*id.*, Ex. C), his only passport is a Venezuelan passport (Trebbau Dep Tr. 127:11-21). Additionally, Mr. Trebbau's business office is in Venezuela (*id.* 6:12-18; 20:23-25; 22:12-20), he utilizes three different banks in Venezuela (Second Interrogatory Responses at 2), and his health insurance is issued in Venezuela (Trebbau Dep. Tr. 154:6-17).[3] *See Nat'l Artists Mgmt. Co.*, 769 F. Supp. at 1228

---

[3] Mr. Trebbau also produced documentation regarding the purchase of his apartment in Venezuela, the remodeling of that apartment, his weapons permit in Venezuela, the name of a medical provider in Venezuela, and the country club to which he belongs in Venezuela. (*See* Pedro Trebbau Lopez's Responses to Plaintiffs' Second Request for Production of Documents,

4

(listing influential factors in determining domicile). Thus, the jurisdictional evidence supports Mr. Trebbau's intent to continue Venezuela as his domicile.

### 2. Mr. Trebbau Lacks Comparable Contacts with New York

In contrast with his substantial Venezuelan contacts, Mr. Trebbau's scant New York contacts are even fewer than those originally alleged in the First Amended Complaint (which this Court found were insufficient to state a *prima facie* basis for jurisdiction, Opinion at 23). In the First Amended Complaint, Plaintiffs' primary allegation as to Mr. Trebbau's purported connection to New York was that, "upon information and belief," he regularly conducted business from there, including from offices located at 450 Park Avenue, New York, New York. (First Amended Complaint ¶ 27.) Plaintiffs' own jurisdictional discovery has since revealed this allegation to be false. (*See, e.g.*, Trebbau Decl. ¶ 14; Deposition Transcript of Leopoldo Alejandro Lopez Betancourt, dated December 9, 2014, DeMaria Decl. Ex. H ("Betancourt Dep. Tr.") 120:11-17; Deposition Transcript of Francisco D'Agostino Casado, dated December 17, 2014, DeMaria Decl. Ex. I ("D'Agostino Dep. Tr.") 48:25-49:1-7, 130:19-21.)[4]

Plaintiffs' discovery efforts have further revealed that Mr. Trebbau lacks the kind of contacts with New York (which he has with Venezuela) that are necessary to establish domicile. Mr. Trebbau has never lived in New York (Trebbau Decl. ¶¶ 10,12; Trebbau Dep. Tr. 44:1-3),

---

DeMaria Decl. Ex. F.) Plaintiffs did not contest the veracity of these contacts at Mr. Trebbau's deposition.

[4] Further, contrary to Plaintiffs' allegations that Mr. D'Agostino was Mr. Trebbau's agent, partner, and fellow owner/officer/director of Derwick Associates Corporation (*see, e.g.*, First Amended Complaint ¶ 47), Mr. D'Agostino testified that he hardly knows Mr. Trebbau and has no business relationship with him (D'Agostino Dep. Tr. 18:20-22:21) or affiliation with Derwick Associates (*id.* 35:13-19, 66:4-11). The two are not friends (*id.* 18:20-21), they have only met face-to-face approximately 10 times, never in New York (*id.* 19:15-25, 20:1-3), during which time they never discussed business (*Id.* 20:21-24) and never discussed Derwick (*id.* 21:9-13). Mr. D'Agostino further testified that he has never spoken to anyone in New York about Mr. Trebbau or a potential business dealing with Mr. Trebbau (*id.* 36:24-25, 37:1-3).

never had an apartment or home in New York (*id.;* Betancourt Dep. Tr. 119:17-23), or even looked to purchase a home in New York (Trebbau Dep Tr. 132:13-18). Mr. Trebbau's wife does not and has never lived in New York. (*Id.* 43:23-44:6.) Mr. Trebbau has never been registered to vote in New York and has never filed tax returns there. (Trebbau Decl. ¶ 10.) He has never had a job in New York (Trebbau Dep Tr. 109:13-14), never had an accountant in New York (*id.* 119:13-14), does not have a New York driver's license and does not own a motor vehicle in New York (*id.* 109:11-12, 15-17), does not belong to any clubs in New York (*id.* 109:18-19), and has never seen a doctor or medical professional in New York (*id.* 109:20-22).

The extent of Mr. Trebbau's limited contacts with New York during the relevant time period are as follows: (1) five brief visits to New York (totaling approximately 21 days) (Pedro Jose Trebbau Lopez's Responses to Plaintiffs' First Set of Interrogatories, DeMaria Decl. Ex. C ("First Interrogatory Responses") at 4-5; Pedro Jose Trebbau Lopez's Supplemental Responses to Interrogatory Nos. 1 and 5 of Plaintiffs' First Set of Interrogatories, DeMaria Decl. Ex. D ("Supplemental Interrogatory Responses") at 2); (2) banking/investment relationships with JP Morgan, the, Compass Group, and ▇▇▇▇ (First Interrogatory Responses at 3); (3) the retention of two New York law firms, one of which was retained solely for a business deal that had no connection with New York (*id.*; Supplemental Interrogatory Responses at 1-2); (4) intermittent e-mails and phone calls made to individuals in New York (Trebbau Dep. Tr. 133:22-137:16);[5] and (5) the temporary use of a friend's New York address to receive mail regarding his accounts

---

[5] Mr. Trebbau testified that his e-mails to New York consisted of communications to/from his New York lawyers (Trebbau Dep. Tr. 16:17-19), JP Morgan (*id.* 41:14-16), and to his lifelong friend, Eduardo Travieso (*id.* 38:23-39:6, 52:18-21, 126:5-6), who lived and worked in New York during the relevant time period (*id.* 124:11-15). As to his phone calls to New York numbers, Mr. Trebbau testified that some were to individuals with New York phone numbers who did not actually live in New York during the relevant time period. (*See, e.g.,* Trebbau Dep. Tr. 136:7-12.)

6

at JP Morgan. (*Id.* 42:5-20, 43:1-3). Such contacts do not come close to establishing either of the essential elements of domicile— that Mr. Trebbau (1) resided in New York and (2) intended to make New York his permanent home. *See Texas v. Florida*, 306 U.S. at 424.

## CONCLUSION

Under the applicable legal standards, and based on the record developed during jurisdictional discovery, Plaintiffs have not established that Mr. Trebbau was domiciled in New York. He is not subject to personal jurisdiction in New York, and the remaining state-law claims against him should be dismissed.

Dated: Miami, Florida
December 23, 2014

By: _____
Joseph A. DeMaria (jdemaria@foxrothschild.com)
FOX ROTHSCHILD LLP
200 S. Biscayne Blvd., Suite 3590
Miami, Florida 33131
Telephone: (305) 442-6540
*Attorneys for Defendant Pedro Jose Trebbau Lopez*