UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE HONORABLE OTTO J. REICH and
OTTO REICH ASSOCIATES, LLC,

        Plaintiffs,

vs.

LEOPOLDO ALEJANDRO BETANCOURT
LOPEZ, PEDRO JOSE TREBBAU LOPEZ, and
FRANCISCO D'AGOSTINO CASADO,

        Defendants.

**Defendants' Public Filing**
~~SEALED DOCUMENT~~

ECF: 13 CV 5307 (PJO)

# DEFENDANT PEDRO JOSE TREBBAU LOPEZ'S REPLY MEMORANDUM IN SUPPORT OF HIS RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Fox Rothschild LLP
200 S. Biscayne Blvd., Suite 3590
Miami, Florida 33131
(305) 442-6540
*Attorneys for Defendant*
*Pedro Jose Trebbau Lopez*

Defendant Pedro Jose Trebbau Lopez ("Mr. Trebbau") respectfully submits this reply memorandum of law in support of his Renewed Motion to Dismiss Claims Third, Fourth, Fifth, and Sixth of the First Amended Complaint, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for Lack of Personal Jurisdiction (the "Motion"),[1] and states as follows:

## PRELIMINARY STATEMENT

Plaintiffs' Memorandum of Law In Opposition to Betancourt's and Trebbau's Renewed Motions to Dismiss For Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) (the "Response") all but concedes their inability to oppose the overwhelming evidentiary record (developed by Plaintiffs' own discovery efforts), which establishes that Mr. Trebbau is domiciled in Venezuela, not New York, and thus not subject to the jurisdiction of this Court. Rather than focus on the issue framed by this Court as determinative of personal jurisdiction as to Mr. Trebbau (i.e. domicile), Plaintiffs instead devote the majority of their Response to blaming Defendants (and this Court) for obstructing discovery and to raising procedural and legal issues that are either stall tactics, requests for reconsideration, or arguments irrelevant to the issue of domicile. For the reasons set forth in Co-Defendant Betancourt Lopez's Reply Memorandum of Law in Support of His Renewed Motion to Dismiss the First Amended Complaint (the "Betancourt Reply"), there is no factual or legal basis for Plaintiffs' requests for additional discovery, for an evidentiary hearing, for reconsideration of arguments already rejected by this Court, for this Court to depart from the dictates of *Daimler*, or for this Court to deviate from its prior ruling that the sole remaining issue to be considered in its determination of personal jurisdiction over Defendants is their domicile.

---

[1] References to specific pages of the "Motion" in this Reply are to the accompanying memorandum of law submitted by Mr. Trebbau in support of his Renewed Motion to Dismiss.

Thus, for the sake of brevity, Mr. Trebbau adopts and joins in the arguments made in the Betancourt Reply. This memorandum will focus on Plaintiffs' separately filed Statement of Facts Supporting a *Prima Facie* Case of Personal Jurisdiction over Defendant Trebbau and in Opposition to His Renewed Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) ("Statement of Facts" or "T.S.") and corresponding argument that such purported "facts" demonstrate a *prima facie* case of jurisdiction over Mr. Trebbau. As set forth below, Plaintiffs overstate and misrepresent the few facts they present, fail to address, let alone overcome, any of the facts set forth in the Motion, and ultimately fail to come close to making a *prima facie* showing that Mr. Trebbau is domiciled in New York. The remaining state law claims as to Mr. Trebbau should therefore be dismissed.

## ARGUMENT

In this Court's Opinion and Order (Dkt. No. 59, the "Order"), this Court ruled that Plaintiffs' Complaint failed to allege a *prima facie* basis for jurisdiction as to Mr. Trebbau but permitted Plaintiffs an opportunity to take limited discovery on the issue of Mr. Trebbau's domicile. (Order at 23, 29-30.) This Court contemplated that such discovery could reveal information Plaintiffs claimed they required to establish domicile, such as: (1) whether Mr. Trebbau owns New York residential property; and (2) the portion of the year that Mr. Trebbau resides in New York. (*Id.* at 30.)

On September 5, 2014, Mr. Trebbau filed a Declaration which set forth the factual basis for his Venezuelan domicile. (Dkt. No. 67.) Thus, Plaintiffs had a roadmap to conduct their jurisdictional discovery of Mr. Trebbau. Plaintiffs proceeded to take extensive jurisdictional discovery. That discovery, including interrogatories, document requests, third-party subpoenas, and the depositions of Messrs. Trebbau, Betancourt, and D'Agostino, establish that Mr. Trebbau

has never lived in New York, does not own residential property in New York, has spent minimal time in New York during the relevant time period (only 21 days), and has nowhere near the necessary contacts with New York to be considered domiciled in this state. (*See* Declaration of Joseph. A. DeMaria, dated December 23, 2014 ("First DeMaria Decl."), submitting evidence in support of Mr. Trebbau's Renewed Motion to Dismiss for Lack of Personal Jurisdiction.)

Ignoring the record, Plaintiffs persist in the contention that they have made a *prima facie* showing of personal jurisdiction. Plaintiffs assert that there is record evidence that Mr. Trebbau resided in New York (Response at 8-9), as well as evidence demonstrating his intent to remain there. (*Id.* at 9-10.) However, a review of Plaintiffs' Statement of Facts and accompanying exhibits reveals that Plaintiffs misrepresent and mischaracterize the little evidence they rely upon and that there is no evidence that Mr. Trebbau ever resided in New York. Moreover, Plaintiffs fail to dispute any of the evidence presented by Mr. Trebbau that demonstrates Mr. Trebbau's intent to remain in Caracas, Venezuela.

**I.    Plaintiffs Do Not Establish That Mr. Trebbau Ever Resided In New York.**

  **A. Plaintiffs Misrepresent Their Own Evidence, Which Does Not Demonstrate That Mr. Trebbau "Resided" At The 55th Street Residence In New York.**

Plaintiffs' primary argument as to Mr. Trebbau's purported residence in New York is based on the fact that he utilized his friend's New York address (155 East 55th Street, Apt. 9A, "the 55th Street Residence") to receive mail regarding his New York bank accounts and that he listed this address on bank applications for some associated companies. (Response at 8-9.) In their Statement of Facts, Plaintiffs cite to excerpts of Mr. Trebbau's deposition transcript and certain bank account applications and accompanying tax forms and conclude that such evidence establishes that Mr. Trebbau resided in New York. (*See* T.S. ¶¶ 26-36.) It does not.

First, Mr. Trebbau never testified that he resided at the 55th Street Residence. His actual testimony was that his friend offered to let him use the 55th Street Residence address to receive mail because "[w]e don't have any place in New York or in the states to have mail sent for people to get it." (*See* Deposition Transcript of Pedro Trebbau Lopez, Exhibit A to First DeMaria Decl. ("Trebbau Tr.") 42:12-13.) Plaintiffs cite to no testimony demonstrating that Mr. Trebbau ever *resided* at the 55th Street Residence. In fact, the testimony cited **by Plaintiffs** for the proposition that "Trebbau has spent time at the 55th Street Residence" (T.S. ¶ 27, citing Trebbau Tr. 124:16-17) actually states that Mr. Trebbau had only visited that residence ***once*** and ***never spent the night there***. (*See also* Trebbau Tr. 124:18-19.) Further, Mr. Trebbau testified that because he could access his bank statements online, he never even saw the bank statements that were mailed to the 55th Street Residence. (*Id.* 43:9-19.)

Second, despite Plaintiffs' significant emphasis on various "bank account applications" and "federal tax forms" that list the 55th Street Residence, which Plaintiffs attach to their Statement of Facts (*see, e.g.*, T.S. ¶¶ 26, 35), Plaintiffs conveniently ignore (and misrepresent) what these forms actually say. For example, Plaintiffs cite to a W-8BEN form submitted by Mr. Trebbau when he opened his accounts at JP Morgan in New York because Mr. Trebbau listed the 55th Street Residence address on that form. (*See* T.S. ¶ 35, citing Trebbau000309, Exhibit 51 to Smith Decl.) However, Plaintiffs fail to mention the crucial fact that Mr. Trebbau listed a ***Venezuelan address*** as his "permanent residence address." Plaintiffs also fail to point out that on his accompanying application to JP Morgan, Mr. Trebbau provided the following explanation under the application heading- **B. Reason for U.S. Address**:

> The US address provided belongs to a family friend which I visit at least three times a year. My friend holds all the mail I receive until I pick it up during my visits.

(Trebbau000310, Exhibit 51 to Smith Decl.).[2] Similarly, as to the various company bank account applications, Plaintiffs fail to inform the Court that Mr. Trebbau listed the 55th Street Residence as an *"alternate"* address for each of these companies. The Legal Addresses listed for all of these companies are *foreign*.[3] (*See, e.g.*, CSSU000032, Exhibit 49 to Smith Decl.)

### B. Plaintiffs Cannot Equate Mr. Trebbau's Brief Stays At Mr. Betancourt's New York Apartment With Residence There.

In an even more desperate effort to establish a New York domicile where one does not exist, Plaintiffs attempt to characterize Mr. Trebbau's brief visits at Mr. Betancourt's New York apartment as proof of residence in New York. (*See* T.S. ¶ 38, stating that Mr. Trebbau "lived" at Mr. Betancourt's apartment by virtue of staying there for a total of eleven days during three separate trips over a six month period.) Putting aside that domicile requires a showing of residence **in fact**, *see Bogan v. Nw. Mut. Life Ins. Co.*, 103 F. Supp. 2d 698, 700 (S.D.N.Y. 2000) which Plaintiffs do not establish, Defendant Betancourt himself testified (which Plaintiffs fail to bring to this Court's attention) that Mr. Trebbau travels infrequently to New York and would stay at either a hotel or at his New York apartment during his visits. (Deposition Transcript of Leopoldo Alejandro Betancourt Lopez, Exhibit H to First DeMaria Decl. ("Betancourt Tr.") 120:18-23.) Plaintiffs cannot seriously contend that staying at Mr. Betancourt's apartment as opposed to a hotel, during a brief visit to New York, suffices to make a *prima facie* showing of domicile in New York.

---

[2] The documents bates numbered Trebbau000309-000310 that are attached to Plaintiffs' Statement of Facts are difficult to read. Thus, Mr. Trebbau is attaching a legible copy of these documents. (*See* Exhibit A to Declaration of Joseph A. DeMaria, dated January 28, 2015.) Mr. Trebbau authenticated these documents, which Plaintiffs marked as Exhibit 29, at his deposition. (*See* Trebbau Tr. 155:4-156:6.)

[3] Regardless it unclear how listing a company's alternate mailing address as being in New York equates to Mr. Trebbau residing there.

## II. Plaintiffs Do Not Dispute The Overwhelming Evidence Demonstrating That Mr. Trebbau's Domicile Is In Venezuela, Not New York.

Despite concluding that Mr. Trebbau is domiciled in New York (T.S.¶ 4), and intends to remain there (*id.* ¶ 3), Plaintiffs do not address, let alone dispute, the majority of salient facts and supporting evidence presented by Mr. Trebbau in the Motion that demonstrate his domicile to be in Venezuela, and not New York. Specifically, in the Motion (at 2-6), Mr. Trebbau established the following facts that Plaintiffs do not dispute in their Response:

1. Mr. Trebbau was born in Venezuela;
2. Mr. Trebbau's business office is in Venezuela;
3. Mr. Trebbau is registered to vote and registered for tax purposes in Venezuela;
4. Mr. Trebbau's driver's license is a Venezuelan license;
5. Mr. Trebbau's sole passport is a Venezuelan passport;
6. Mr. Trebbau purchased an apartment in Venezuela;
7. Mr. Trebbau's health insurance is issued in Venezuela;
8. Mr. Trebbau has never owned or leased a home in New York;
9. Mr. Trebbau has never been registered to vote in New York or filed tax returns there;
10. Mr. Trebbau has never had a job in New York;
11. Mr. Trebbau has never had an accountant in New York;
12. Mr. Trebbau has never had a New York driver's license or motor vehicle in New York;
13. Mr. Trebbau does not belong to any clubs in New York;
14. Mr. Trebbau has never seen a doctor or medical professional in New York;
15. Mr. Trebbau spent around 21 days in New York during the relevant time period.

These facts *directly* address the issue of domicile, and Plaintiffs' failure to oppose them defeats their argument that they have somehow satisfied their burden.

First, by failing to dispute that Mr. Trebbau was born in Venezuela, Plaintiffs do not dispute the fact that his domicile of origin was Venezuela and is presumed to continue there "absent sufficient evidence of change." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Plaintiffs have presented no evidence of a change in domicile, let alone "sufficient" evidence. Further, it would be illogical for Plaintiffs to argue that Mr. Trebbau uprooted and changed his domicile to New York while simultaneously failing to dispute that Mr. Trebbau only spent 21 days there during the relevant time period, does not own or rent a home in New York,

has never seen a doctor in New York, and has his business office in Venezuela. Mr. Trebbau lived in the United States, in Connecticut and Massachusetts, to attend preparatory school and then college. Then he returned to Venezuela. (Motion at 2-3.) Such a temporary residence does not change one's domicile. *See Hamilton v. Accu-Tek*, 13 F. Supp. 2d 366, 369 (E.D.N.Y. 1998) ("A college student retains the domicile of his parents when he goes off to college, absent a showing of the child's change of domicile.").

Second, the evidence presented by Mr. Trebbau meets the factors that courts consider influential in determining the "intent to remain" prong of domicile. *See Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1228 (S.D.N.Y. 1991) (considering, as influential factors, the location where: (1) civil and political rights are exercised; (2) taxes are paid; (3) real property is located; (4) driver's license is obtained; and (5) place of employment). It is thus disingenuous that Plaintiffs recite the "totality of the evidence" standard and argue that Mr. Trebbau intended to remain in/return to New York (Response at 9-10), without addressing, much less disputing with evidence, any of these influential facts that ultimately disprove their argument.

## III. Plaintiffs Do Not Present Any Additional Evidence To Establish That Mr. Trebbau Is Domiciled In New York.

The remainder of Plaintiffs' Response adds no evidence to bolster their claim that they have established a *prima facie* basis for jurisdiction as to Mr. Trebbau. Plaintiffs spend the majority of their Statement of Facts: (1) rehashing factual arguments that this Court already rejected (e.g. the retention of New York-based legal counsel, retention of New York-based public relations firms, and occasional travel to New York, *see* T.S. ¶¶ 64-71,74-97; Order at 23); (2) attempting to spin Mr. Trebbau's contact with non-New York-based entities as "New York contacts" (*see, e.g.*, T.S. 58, 60, noting that RBC has a New York office and that Pro Energy (a Missouri company) is licensed to do business in New York); and (3) attempting to turn Mr.

Trebbau's banking relationship with New York banks (JP Morgan and ▬▬▬ into more than what it was—a single New York contact that does not suffice to establish domicile in New York.[4]

In fact, the evidence surrounding Mr. Trebbau's New York banking contacts, to which Plaintiffs devote 21 paragraphs of their Statement of Facts, actually demonstrates Mr. Trebbau's lack of connection to New York. As to ▬▬▬, Mr. Trebbau testified (and Plaintiffs do not dispute) that he used this account to make payments associated with his apartment *in Florida* (Dkt. No. 67 ¶ 13), and he further testified that, as of 2012, the account held a minimal amount of money (Trebbau Tr. 78:19-25). As to the JP Morgan account, Plaintiffs' "evidence" includes monthly statements for the period January 2011-January 2013, which reflect spending activity for that time period. (*See* Exhibit 51 to Smith Decl., Trebbau000141-000288.)[5] However, Plaintiffs fail to point out that these monthly statements reflect that the vast majority of Mr. Trebbau's spending activity during that time period occurred *outside of New York*. Thus, even this one contact that Plaintiffs devote so much attention to in their Response ultimately serves to disprove their argument that Mr. Trebbau is domiciled in New York.[6]

---

[4] Plaintiffs also state that Mr. Trebbau opened accounts with Pershing, LLC (T.S. ¶ 56), Credit Suisse in New York (T.S. ¶ 55), and Deutsche Bank in New York (T.S. ¶ 57). However, Pershing, LLC is in New Jersey, not New York (*see* Trebbau Tr. 120:1-6), the accounts at Credit Suisse were never funded (Betancourt Tr., Exhibit 1 to Smith Decl. 116:18-20), and the trust was with Deutsche Bank in *Switzerland* and was never funded. (Trebbau Tr. 60:17-61:3.)

[5] Mr. Trebbau produced these documents before this Court ruled that Plaintiffs were not entitled to them.

[6] Plaintiffs claim that this Court should infer that Mr. Trebbau kept money in New York after July 2013. (T.S. ¶ 47.) Mr. Trebbau was questioned at length at his deposition and clearly stated that after his accounts were closed at JP Morgan, he moved his funds to RBS in Montreal, Canada, and those funds have remained outside of New York. (*See* Trebbau Tr. 58:24-59:12; pp. 79-83.) Plaintiffs present no evidence to rebut this testimony and have no basis to support the inference they suggest.

## CONCLUSION

Despite their extensive discovery efforts, Plaintiffs have not overcome any of the facts first presented by Mr. Trebbau in his September 5, 2014, Declaration (Dkt. No. 67). Nor have Plaintiffs produced additional evidence that would establish tht Mr. Trebbau is domiciled in New York. There is no legitimate reason to extend this proceeding any further. The remaining claims (Claims III-VI) should be dismissed.

Dated: Miami, Florida
January 28, 2015

By: _____
Joseph A. DeMaria (jdemaria@foxrothschild.com)
FOX ROTHSCHILD LLP
200 S. Biscayne Blvd., Suite 3590
Miami, Florida 33131
Telephone: (305) 442-6540
*Attorneys for Defendant Pedro Jose Trebbau Lopez*