LANKLER SIFFERT & WOHL LLP

ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N. Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX  (212) 764-3701

April 3, 2015

**By ECF**

Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2101
New York, NY 10007

      Re:    *Reich, et al. v. Betancourt Lopez, et al.*, No. 13 Civ. 5307

Dear Judge Oetken:

      As counsel for Defendant Betancourt Lopez, we write on behalf of our client and Fox Rothschild LLP, counsel for Defendant Trebbau Lopez, and Susman Godfrey L.L.P., counsel for Defendant D'Agostino Casado, to submit the attached proposed protective order as ordered by the Court on March 26, 2015. We modeled our proposed protective order on Judge Rakoff's and Judge Gardephe's model protective orders which are available on the United States District Court for the Southern District of New York web site.

      Today, on behalf of counsel for all Defendants, we are also filing on ECF redacted copies of the memoranda of law, attorney affidavits, and statements of fact relating to Betancourt's and Trebbau's renewed motions to dismiss the amended complaint.

      Respectfully submitted,

      Frank H. Wohl

cc:    **By ECF**
      Mark. W. Smith, Esq.
      Joseph A. DeMaria, Esq.
      Shawn H. Rabin, Esq.

# ATTACHMENT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| THE HONORABLE OTTO J. REICH<br>and OTTO REICH ASSOCIATES, LLC | : | |
| Plaintiffs, | : | |
| v. | : | 13 CIV 5307(JPO) |
| LEOPOLDO ALEJANDRO BENTANCOURT<br>LOPEZ, PEDRO JOSE TREBBAU LOPEZ<br>and FRANCISCO D'AGOSTINO CASADO, | : | |
| Defendants. | : | |

**[PROPOSED] PROTECTIVE ORDER**

The Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. Discovery Material containing the following may be designated as Confidential:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, payments, sales reports and sale margins, bank account information, and asset values);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information or marketing plans;

(d) any information of a personal or intimate nature regarding any individual (including without limitation medical or health information; personal contact information; and information, such as identification numbers, vehicle registration, and social club membership, the disclosure of which could cause a security risk to any individual); and

(e) any other category of information hereinafter given confidential status by the Court.

3. A producing person may designate Discovery Material as "Confidential" at the time of production or within 30 days of the entry of this Order by (a) stamping the material "Confidential" or (b) serving on all parties a letter identifying it as such. Documents shall be marked in a manner that will not interfere with their legibility. A party may designate portions of a deposition transcript and video recording as Confidential during the deposition by identifying such portions on the record, or by serving on all parties a letter making that identification within 30 days after receipt of the deposition transcript and/or video recording or the entry of this Order, whichever is later. The designating party shall direct the court reporter to affix the appropriate confidentiality legend to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. The entire deposition transcript,

including exhibits, shall be treated as Confidential Discovery Material under this Order until the expiration of the 30-day period for designation by letter, except that the deponent may review the transcript during this 30-day period.  A party may designate material produced by a non-party as Confidential by serving on all parties a letter identifying it as such within 30 days of receipt of the non-party material or the entry of this Order, whichever is later.  The entire non-party production shall be treated as Confidential under this Order until the expiration of the 30-day period for designation by letter.   All Discovery Materials previously produced and stamped "Confidential" and all deposition transcripts previously marked "Confidential" constitute Confidential Discovery Material under this Order.

4. If at any time prior to the trial of this action, a party or producing person realizes that some portion[s] of Discovery Material previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, the objecting party may apply to the Court under the procedures set forth in Local Civil Rule 37.2 for a ruling.

9. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action.

10. The restrictions, if any, that will govern the use of Confidential Discovery Material at trial or hearings will be determined at a later date.

11. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed

Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

17. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the producing party, or, upon permission of the producing party, destroy such material—including all copies therof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the producing party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

18. This Protective Order shall survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED:

_____
Hon. J. Paul Oetken
United States District Court Judge

**EXHIBIT A**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                            :
THE HONORABLE OTTO J. REICH                 :
and OTTO REICH ASSOCIATES, LLC              :
                                            :
            Plaintiffs,                     :
                                            :
v.                                          :   13 CIV 5307(JPO)
                                            :
                                            :
LEOPOLDO ALEJANDRO BENTANCOURT              :
LOPEZ, PEDRO JOSE TREBBAU LOPEZ             :
and FRANCISCO D'AGOSTINO CASADO,            :
                                            :
            Defendants.                     :
_____:
```

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of court.

Dated:_____       Signed:_____