

# SMITH VALLIERE PLLC

1221 AVENUE OF THE AMERICAS | 42ND FLOOR | NEW YORK NEW YORK 10020     Tel 212 755 5200
www.svlaw.com

Mark W. Smith
(212) 755-5220
msmith@svlaw.com

April 3, 2015

**BY ECF**

Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:     *The Honorable Otto J. Reich, et al. v. Betancourt Lopez, et al.*, No. 13-cv-5307

Dear Judge Oetken:

    We represent Plaintiffs, the Honorable Otto J. Reich and Otto Reich Associates, LLC, in the above-referenced matter.

    Pursuant to the Court's March 26, 2015 telephonic Order, attached hereto is Plaintiffs' proposed Confidentiality Order, which limits the scope of confidential information to only social security numbers, taxpayer identification numbers, personal identification numbers issued by a foreign government, dates of birth, and financial account numbers.

    Plaintiffs respectfully oppose the imposition of any broader protective relief where Defendants have neither met nor even attempted to meet their burden of showing good cause. Defendants have repeatedly failed to articulate *any* particularized and specific facts demonstrating that they will suffer a clearly defined, specific and serious injury absent greater protective relief than that to which Plaintiffs are willing to agree. In fact, no Defendant has even bothered to submit an affidavit setting forth any facts upon which this Court could conceivably enter a Confidentiality Order beyond Plaintiff's proposal.

    Defendants have repeatedly thrust themselves into the national (and international) spotlight for their own private gain. They should not be heard now to complain about issues of privacy and confidentiality in an attempt to impose a veil of secrecy over this case.

                                      Respectfully submitted,

                                      Mark W. Smith

Enclosure

Honorable J. Paul Oetken
April 3, 2015
Page 2

cc: Frank H. Wohl, Esq. (Counsel for Leopoldo Alejandro Betancourt Lopez)
     Joseph A. DeMaria, Esq. (Counsel for Pedro Jose Trebbau Lopez)
     Shawn Rabin, Esq. (Counsel for Francisco D'Agostino Casado)

# ATTACHMENT

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THE HONORABLE OTTO J. REICH and ) <br> OTTO REICH ASSOCIATES, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LEOPOLDO ALEJANDRO BETANCOURT LOPEZ, ) <br> PEDRO JOSE TREBBAU LOPEZ, and FRANCISCO ) <br> D'AGOSTINO CASADO, ) <br> ) <br> Defendants. ) | Civ. No. 13 CV 5307 (JPO) <br><br> <u>ECF CASE</u> |

---

J. PAUL OETKEN, U.S.D.J.

### PLAINTIFFS' PROPOSED CONFIDENTIALITY ORDER

WHEREAS, Plaintiffs and Defendants disagree about the need for and scope of any Court-ordered Protective Order;

WHEREAS, under Rule 26 of the Federal Rules of Civil Procedure, the party seeking to maintain the confidentiality of any information and/or documents bears the burden of proof to establish factually and legally that "good cause" exists to keep the information or documents confidential;

WHEREAS, to show "good cause", the movant seeking secrecy and confidentiality must support its motion with particularized and specific facts (rather than with mere conclusory assertions) demonstrating that a clearly defined, specific and serious injury will occur in the absence of the requested relief;

WHEREAS, Defendants have not provided the Court with any particularized and specific facts upon which it may reasonably find that a clearly defined, specific and serious injury will occur in the absence of the requested relief;

WHEREAS, given the language of Fed. R. Civ. P. 5.2, the Court finds that good cause exists for the issuance of a narrowly-tailored confidentiality order governing only the disclosure of social security numbers, taxpayer identification numbers, personal identification numbers issued by a foreign government, dates of birth, and financial account numbers;

WHEREAS, the Court finds that, at this time, no good cause exists to maintain the confidentiality of any other categories of information;

NOW, THEREFORE, IT IS HEREBY ORDERED that any person subject to this Order, including without limitation, the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order, shall adhere to the following terms:

1.  Any person subject to this Order who receives any information of any kind provided in the course of discovery in this action that is designated as "Confidential Information" pursuant to the terms of this Order shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder.

2.  "Confidential Information," as used herein, shall mean only social security numbers, taxpayer identification numbers, personal identification numbers issued by a foreign government, dates of birth, and financial account numbers.

3.  Recipients of Confidential Information under this Order may use such material solely for the prosecution or defense of this action and any appeals thereto. Nothing contained in

this Order, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action.

4. A producing party may designate information as "Confidential Information" when such information is produced or as soon thereafter as the party becomes aware of the confidential nature of the information, by: (a) stamping the documents with the legend "Confidential Information"; or (b) when stamping is not feasible, by specifying in writing which information is to be designated as Confidential Information and affixing a "Confidential Information" legend physically on the hard drive, DVD, CD, or other media on which such information is produced. Documents shall be so marked in a manner that will not interfere with their legibility.

5. A party may designate portions of a deposition transcript or deposition exhibits as Confidential Information during the deposition by identifying such portions on the record, or by serving on all parties a letter making that identification within ten (10) days of receipt of the deposition transcript. The designating party shall direct the court reporter to (i) affix the appropriate confidentiality legend to the first page and all portions of the original and all copies of the transcript containing any Confidential Information, or (ii) affix the appropriate confidentiality legend to the first page of any deposition exhibit marked Confidential Information. The entire deposition transcript, including exhibits, shall be treated as Confidential Information under this Order until the expiration of the 10-day period for designation by letter, except that the deponent may review the transcript during this 10-day period.

6. Where documents or other materials are produced by a non-party, a party or non-party may designate them as Confidential Information subject to the provisions of this Order. A party may designate non-party material as Confidential Information by serving on all parties a letter identifying it as such within ten (10) days of receipt of the non-party material.

7. Confidential Information may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

 (a) the parties to this action, their insurers or indemnitors, lenders, as well as their respective counsel;

 (b) attorneys at those law firms appearing as counsel of record for the parties in this action, and their respective staff and support personnel, and any outside photocopying, document storage, information technology, data processing, or graphic production services employed or retained by them, who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation;

 (c) any witness (or counsel to any such witness) who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

 (d) any person/entity who authored, received, or otherwise has been provided access in the ordinary course to the specific Confidential Information sought to be disclosed to that person/entity;

 (e) any person retained by a party to serve as an expert witness, consultant or investigator or to otherwise provide specialized advice of any type to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

4

(f) the Court, the appellate court(s), court personnel, and qualified persons (including necessary clerical personnel) recording, taking, or transcribing testimony or argument at any deposition, hearing, or appeal in this litigation.

8. Before providing any person described in Paragraphs 8(c) or 8(e) Confidential Information, counsel shall provide each such person with a copy of this Protective Order and obtain the person's signature to a written Non-Disclosure Agreement, in substantially the form attached hereto as Exhibit A, for the purpose of maintaining the confidential nature of all Confidential Information. Counsel shall be responsible for maintaining the originals or copies of such executed agreements, held in escrow, subject to production to opposing counsel either before such person is permitted to testify at deposition or trial or at the conclusion of the case, whichever comes first. If such a person declines to sign a Non-Disclosure Agreement, there shall be no disclosure of Confidential Information made to that person. However, on five (5) days' written notice to the other parties, the party seeking disclosure may request an order from the Court permitting such disclosure.

9. A party may dispute the designation of Confidential Information. The parties shall try in good faith to resolve any dispute as to whether a document contains Confidential Information. If the dispute cannot be resolved, the party seeking to designate the information as "Confidential Information" may apply to the Court under the procedures set forth in Local Civil Rule 37.2 for a ruling that the material shall be so treated under Federal Rule of Civil Procedure 26(c). If such an application is made, the party that made the designation will bear the burden to establish that the designation is proper under Federal Rule of Civil Procedure 26(c). If no such application is made, the material will not be considered Confidential Information. Where such

an application is made, any disputed Confidential Information shall be treated as such unless and until the Court rules that it should not be so treated, and a period of fourteen (14) days in which to move to reconsider or appeal that ruling has expired without a motion to reconsider or an appeal having been filed.

10. All Confidential Information filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Information shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" in the upper-right hand corner of the cover page of the document. The parties will use their best efforts to minimize such sealing. In any event, any party filing a pleading, motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same via the Court's Electronic Case Filing system, that redacts only the Confidential Information and not text that in no material way reveals the Confidential Information. Regardless of any provision in this Order to the contrary, a party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to documents and information introduced in Court submissions and/or as evidence at trial, even if such material has previously been sealed or designated as Confidential Information. Absent a specific finding of fact by the Court that a clearly defined, specific and serious injury will occur absent such protective relief, the Court will not afford such confidential treatment to documents or information submitted to the Court in

6

connection with any motion, application or proceeding that may result in an order and/or decision by this Court.

13. Each person who has access to discovery material that has been designated as Confidential Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. The inadvertent or unintentional disclosure by the producing party of Confidential Information shall not be deemed a waiver of that party's claim of confidentiality, either as to the specific information disclosed or as to any other related information. Upon learning of an inadvertent or unintentional disclosure of Confidential Information, the producing party shall within fifteen (15) days designate such information as Confidential Information. The obligation to treat such information as Confidential Information shall run prospectively from the date of designation; provided, however, that, after designation, any party in receipt of such information must endeavor in good faith to obtain all copies of such information that it distributed or disclosed to persons not authorized under this Order to receive Confidential Information, as well as any copies made by such persons. The disclosing party retains the burden of establishing the protected nature of any inadvertently disclosed information.

15. This Protective Order shall survive the termination of the litigation. Within sixty (60) days of the final disposition of this action, all discovery material designated as Confidential Information, and all copies, extracts, or summaries thereof, shall be returned to the producing party, or, upon permission of the producing party, destroyed. Notwithstanding the previous sentence, counsel for the parties shall be entitled to retain an archival copy of all pleadings, motion papers, court papers, expert reports, legal memoranda, correspondence, deposition and trial transcripts, and attorney work product that contains or reflects Confidential Information,

provided that such counsel shall maintain the confidentiality thereof and shall not disclose such materials to any person except pursuant to court order, a request from law enforcement or an agreement in writing.

15. Any party or person in possession of Confidential Information who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Protective Order, which subpoena seeks the production or other disclosure of such Confidential Information shall, unless prohibited by law, promptly give written notice by e-mail or facsimile to counsel for the party who produced or designated the materials as confidential, identifying the materials and enclosing a copy of the subpoena or other process. It shall be the obligation of the party that produced or designated the materials as confidential to obtain a court order precluding or restricting production of such Confidential Information and to give written notice by e-mail or facsimile to the party that received the subpoena or other process that it intends to seek such an order within ten (10) business days. In the event that the party that produced or designated the materials as confidential gives proper notice of its intent to seek such an order, the party that received the subpoena or other process shall not, to the extent permitted to do so by applicable law, produce or divulge the contents of any Confidential Information until such motion has been resolved.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

17. Any party may move the Court to modify, supersede, terminate or eliminate any provision of this Protective Order (or the Protective Order in its entirety) at any time.

Dated: New York, New York
       April __, 2015

                    SO ORDERED:

                    _____
                    Hon. J. Paul Oetken
                    United States District Court Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE HONORABLE OTTO J. REICH and OTTO REICH ASSOCIATES, LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>LEOPOLDO ALEJANDRO BETANCOURT LOPEZ, PEDRO JOSE TREBBAU LOPEZ, and FRANCISCO D'AGOSTINO CASADO,<br><br>      Defendants. | Civ. No. 13 CV 5307 (JPO)<br><br>ECF CASE |

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of materials that have been designated as "Confidential Information." I agree that I will not copy or use such Confidential Information except for the purposes of this litigation, and that I will not disclose such information except as permitted by the Protective Order. I understand and agree that at the conclusion of the litigation I will destroy or return all such information to the party or attorney from whom I received it.

Dated:_____   Signed:_____