UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

THE HONORABLE OTTO J. REICH and
OTTO REICH ASSOCIATES, LLC,

                Plaintiffs,

v.

LEOPOLDO ALEJANDRO BETANCOURT LOPEZ,
PEDRO JOSE TREBBAU LOPEZ, and FRANCISCO
D'AGOSTINO CASADO,

                Defendants.

Civ. No. 13 CV 5307 (JPO)

ECF CASE

---

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION PURSUANT TO FED. R. CIV. P 15(a)(2)
## FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

SMITH VALLIERE PLLC
1221 Avenue of the Americas, 42nd Floor
New York, New York 10020
(212) 755-5200

*Attorneys for Plaintiffs
The Honorable Otto J. Reich and
Otto Reich Associates, LLC*

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| RELEVANT PROCEDURAL BACKGROUND | 3 |
| ARGUMENT | 4 |

POINT I
LEAVE TO AMEND SHOULD BE GRANTED ............................................................ 4

    A.    The Proposed Amendments Are Not Prejudicial to Defendants ............ 5

    B.    The Proposed Amendments Are Not Futile ............................................ 8

    C.    The Proposed Amendments Are Timely And Offered In Good Faith .... 8

CONCLUSION ............................................................................................................ 9

# TABLE OF AUTHORITIES

Page

**Cases**

*AEP Energy Servs. Gas Holding Co. v. Bank of Am.*,
  626 F.3d 699 (2d Cir. 2010) .................................................................................................. 7

*Asoma Corp. v. SK Shipping Co.*,
  53 F. App'x 581 (2d Cir. 2002) .............................................................................................. 6

*Block v. First Blood Assocs.*,
  988 F.2d 344 (2d Cir. 1993) .................................................................................................. 5

*Care Envtl. Corp. v. M2 Techs. Inc.*,
  No. 05 CV 1600, 2006 U.S. Dist. LEXIS 55066 (E.D.N.Y. Aug. 7, 2006) ........................... 5

*Grullon v. City of New Haven*,
  720 F.3d 133 (2d Cir. 2013) .................................................................................................. 8

*Nicholsen v. Feeding Tree Style, Inc.*,
  12 Civ. 6236 (JPO), 2014 U.S. Dist. LEXIS 14935 (S.D.N.Y. Feb. 6, 2014) ....................... 8

*Ricciuti v. N.Y.C. Transit Auth.*,
  941 F.2d 119 (2d Cir. 1991) .................................................................................................. 8

*Richardson Greenshields Secs., Inc. v. Lau*,
  825 F.2d 647 (2d Cir. 1987) .................................................................................................. 4

*Roland v. McMonagle*,
  12 Civ. 6331 (JPO), 2014 U.S. Dist. LEXIS 86011 (S.D.N.Y. June 24, 2014) ..................... 4

*Ruotolo v. City of N.Y.*,
  514 F.3d 184 (2d Cir. 2008) .................................................................................................. 5

*Slayton v. Am. Express Co.*,
  460 F.3d 215 (2d Cir. 2006) .................................................................................................. 4

*State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*,
  246 F.R.D. 143 (E.D.N.Y. 2007) ........................................................................................ 5, 7

*State Teachers Ret. Bd. v. Fluor Corp.*,
  654 F.2d 843 (2d Cir. 1981) .................................................................................................. 4

*Taberna Capital Mgmt., LLC v. Jaggi*,
  No. 08 CV 11355, 2010 U.S. Dist. LEXIS 35347 (S.D.N.Y. Apr. 9, 2010) .......................... 5

**Statutes**

Fed. R. Civ. P. 15(a)(2) .............................................................................................................. 1, 4

Fed. R. Civ. P. 12(b)(2) .............................................................................................................. 2, 3

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 2, 3

Plaintiffs the Honorable Otto J. Reich and Otto Reich Associates, LLC (together, "Plaintiffs"), by and through their counsel, Smith Valliere PLLC, submit this Memorandum of Law and the accompanying Declaration of Mark W. Smith, dated April 27, 2015, with exhibits (the "Smith Decl."), in support of their motion pursuant to Fed. R. Civ. P. 15(a)(2) for leave to file their Second Amended Complaint, in substantially the form attached to the Smith Decl. as Exhibit A.

## PRELIMINARY STATEMENT

Plaintiffs seek leave to file their Second Amended Complaint to allege additional facts concerning the predicate acts alleged in the previously-filed First Amended Complaint concerning Plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiffs believe the proposed amendments fully address the remaining narrow concerns expressed by the Court concerning Plaintiffs' RICO claims, which the Court identified in its Opinion and Order, dated April 13, 2015 (the "Reconsideration Decision"). The Second Amended Complaint contains additional factual allegations concerning the wire fraud committed by Defendants Leopoldo Alejandro Betancourt Lopez ("Betancourt"), Pedro Jose Trebbau Lopez ("Trebbau"), and Francisco D'Agostino Casado ("D'Agostino" and, together with Betancourt and Trebbau, "Defendants"), which demonstrate how the predicate acts of wire fraud are not only related, but actually essential, to Defendants' criminal enterprise.

The proposed Second Amended Complaint easily satisfies the liberal standards for leave to amend under Fed. R. Civ. P. 15(a)(2). There can be no prejudice to any party as a result of the proposed amended pleading. The additional factual allegations contained therein address issues specifically identified by the Court in the Reconsideration Decision about the sufficiency and

relatedness of certain of the RICO predicate acts alleged by Plaintiffs in the First Amended Complaint.

Moreover, this litigation has effectively been stayed as to the merits since the Court issued its initial decision on Betancourt's and Trebbau's motions to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(6) (the "Dismissal Motions") on August 18, 2014. In response to the Dismissal Motions, the Court permitted Plaintiffs to conduct certain limited discovery on personal jurisdiction. The Court denied Plaintiffs' request to conduct merits-based discovery simultaneously with jurisdictional discovery, and Betancourt and Trebbau have since submitted Renewed Motions to Dismiss Pursuant To Fed. R. Civ. P. 12(b)(2) (the "Renewed Jurisdictional Motions"), which have been fully briefed. Thus, merits discovery has been effectively stayed since the commencement of this lawsuit.

Far from prejudicing any party, the proposed Second Amended Complaint supplies further factual detail to the Court and Defendants concerning the basis for, and the related nature of, the various RICO predicate acts alleged in the First Amended Complaint, which additional facts should address any remaining RICO-related concerns by the Court.

The motion to amend is also timely. Plaintiffs' motion for leave to amend is being made two weeks from the date of the Reconsideration Decision.

As the Court recognized in the Reconsideration Decision, the relatedness issue is a mixed question of fact and law. *See* Smith Decl., Ex. B at 8. Therefore, the additional factual allegations concerning relatedness are particularly appropriate and will assist the Court in fully understanding and evaluating this issue. Similarly, although the Court declined to address whether a plaintiff alleging wire fraud is required to allege that a defendant intended to obtain money or property as a result of the scheme because its decision on relatedness rendered that

2

question moot, the additional factual allegations in Plaintiffs' proposed Second Amended Complaint also address that issue and will assist the Court in further assessing Plaintiffs' wire fraud allegations.

It is settled law in this Circuit that absent bad faith – which is not present here – leave to amend should be freely granted regardless of the lapse of time between the filing of an original and amended complaint.

None of the extraordinary factors that could possibly justify the denial of leave to amend exist here. Plaintiffs should be permitted to file their proposed Second Amended Complaint.

## RELEVANT PROCEDURAL BACKGROUND

The original Complaint in this action was filed on July 30, 2013. *See* Smith Decl., ¶2. On December 23, 2013, each of the Defendants moved to dismiss the Complaint seeking, *inter alia*, the dismissal of Plaintiffs' RICO claims pursuant to Fed. R. Civ. P. 12(b)(6). Betancourt and Trebbau also moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. *See* Smith Decl. ¶ 3. Plaintiffs filed an Amended Complaint on January 13, 2014. *See* Smith Decl. ¶ 4. On February 28, 2014, Defendants filed the Dismissal Motions, asking the Court to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). On August 18, 2014, the Court issued an Opinion and Order on the Dismissal Motions, which dismissed Plaintiffs' RICO claims pursuant to Fed. R. Civ. P. 12(b)(6) and authorized Plaintiffs to conduct jurisdictional discovery with respect to Betancourt and Trebbau (the "August 2014 Decision"). On September 2, 2014, Plaintiffs filed a motion seeking reconsideration of the Court's August 2014 Decision concerning Plaintiffs' RICO claims.

Following jurisdictional discovery, on December 23, 2014, Betancourt and Trebbau filed the Renewed Jurisdictional Motions. The Renewed Jurisdictional Motions have been fully briefed and await determination by the Court.

On April 13, 2015, the Court issued the Reconsideration Decision. The Reconsideration Decision clarified the August 2014 Decision, which had dismissed Plaintiffs' RICO claims on relatedness grounds. *See* Smith Decl. ¶ 9, Ex. B. The Reconsideration Decision also addressed, but did not decide, whether Plaintiffs were required to allege that Defendants intended to obtain money or property to sufficiently allege the RICO predicate act of wire fraud. *See* Smith Decl., Ex. B at 3-5. The Court stated that though the Second Circuit has not directly addressed the question, the Second Circuit appears inclined to follow the Third Circuit's view, which does not require such allegations. However, the question of wire fraud was rendered moot by the Court's finding that the predicate acts alleged by Plaintiffs in the First Amended Complaint, as alleged, were not sufficiently related to satisfy RICO pleading standards.

## ARGUMENT

## POINT I

## LEAVE TO AMEND SHOULD BE GRANTED

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Richardson Greenshields Secs., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987). "The purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (internal quotations omitted). A motion to amend should be denied only for such reasons as "undue delay, bad faith, futility of the amendment," and "resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Roland v. McMonagle*, 12 Civ. 6331 (JPO), 2014 U.S. Dist. LEXIS 86011, at *7 (S.D.N.Y. June

4

24, 2014) (Oetken, J.) ("[a]bsent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility, the leave sought should be freely given") (internal quotations omitted). None of these factors is present here, and Plaintiffs' motion should be granted.

### A. The Proposed Amendments Are Not Prejudicial to Defendants

The most important factor the Court should consider in granting leave to amend is whether the opposing party will suffer prejudice if leave is granted. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted). "The party opposing the motion for leave to amend carries the burden of demonstrating that it will be substantially prejudiced by the amendments." *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 148 (E.D.N.Y. 2007); *see also Taberna Capital Mgmt., LLC v. Jaggi*, No. 08 CV 11355, 2010 U.S. Dist. LEXIS 35347 (S.D.N.Y. Apr. 9, 2010) (same).

In determining whether a proposed amendment will cause the type of substantial prejudice that could justify denying leave to appeal, the Court must "consider whether the [proposed amendment] would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Courts typically find such prejudice to exist only where the motion to amend "comes on the eve of trial after many months or years of pre-trial activity," would "cause undue delay in the final disposition of the case" and "entails more than an alternate claim or a change in the allegations of a complaint." *Care Envtl. Corp. v. M2 Techs. Inc.*, No. 05 CV 1600, 2006 U.S. Dist. LEXIS 55066, at *20 (E.D.N.Y. Aug. 7, 2006) (internal quotations omitted). None of these factors are present here.

Here, the proposed amended pleading merely adds additional factual detail concerning the predicate acts underlying Plaintiffs' RICO claim, and the manner in which the predicate acts

5

relate to each other. The Second Amended Complaint speaks for itself. However, it bears mentioning that the Second Amended Complaint includes additional factual allegations that demonstrate that the wire fraud perpetrated against Plaintiffs was necessary and integral to Defendants' overall criminal enterprise. These new factual allegations also demonstrate that, as is the case with most criminal enterprises, Defendants' efforts to prevent Plaintiffs from assisting in the investigation and potential exposure of Defendants' acts of racketeering was not an isolated incident. Rather, Defendants repeatedly and continuously took steps to both bolster their image, reputation and presumed legitimacy in the eyes of many, and that each of those acts was necessary to help conceal their illegal acts and perpetuate their criminal activities. The wire fraud employed to injure Plaintiffs was simply one of many instances in which Defendants took steps to prevent exposure, minimize adverse scrutiny, silence their critics and/or otherwise minimize the risk of material and adverse alterations to the status quo, all in order to preserve and perpetuate their overall ongoing racketeering scheme, as well as to avoid detection, prosecution and imprisonment. Finally, the new factual allegations in the Second Amended Complaint demonstrate that Defendants intended to obtain various forms of property for themselves through their wire fraud. These are the type of additional factual allegations that fully justify leave to amend, especially where, as here, there has been no merits-based discovery. *See Asoma Corp. v. SK Shipping Co.*, 53 F. App'x 581 (2d Cir. 2002) (holding that additional allegations concerning the transaction set forth in original pleading should generally be allowed).

The complete absence of prejudice to Defendants is obvious given the status of this action. There has been no merits discovery conducted by the parties, and trial is far in the future. Indeed, though originally filed in July 2013, this case has been effectively stayed – with the exception of extremely limited personal jurisdictional discovery which Defendants vigorously

opposed – since the filing of the Initial Dismissal Motions in December 2013. *See* Smith Decl. ¶ 3. *See, e.g., State Farm*, 246 F.R.D. at 149 (holding that proposed amendments created no prejudice where "the only discovery that has been completed was conducted in an effort to determine the proper parties to this action, and significant discovery on the merits has yet to commence."); *see also AEP Energy Servs. Gas Holding Co. v. Bank of Am.*, 626 F.3d 699, 725–26 (2d Cir. 2010) (no prejudice where amendments will not require parties to expend "significant additional resources to conduct discovery and prepare for trial") (internal quotations omitted).

Nor can there be any claim of unfair surprise based on the proposed amendments. When the Court issued its August 2014 Decision on the First Amended Complaint, Plaintiffs timely filed their reconsideration motion, which was fully briefed by the parties. In their Dismissal Motions, Defendants argued that the First Amended Complaint failed to adequately plead wire fraud and failed to allege sufficient facts demonstrating that the predicate acts set forth in the First Amended Complaint were related to one another. The Court specifically ruled on these issues in its August 2014 Decision, and revised and clarified those rulings in its Reconsideration Decision, explicitly recognizing that the relatedness issue is a mixed question of law and fact. *See* Smith Decl. Ex. B at 8.

Although Plaintiffs disagree with the Court's rulings to date on both the wire fraud and relatedness questions, the proposed amended pleading specifically addresses the Court's concerns. The proposed Second Amended Complaint contains additional facts concerning the substance of Plaintiffs' existing wire fraud allegations and demonstrating the relatedness of the various predicate acts alleged in the First Amended Complaint. Because these issues have only recently been clarified by the Court, neither the substance nor the timing of the proposed amendments can pose any surprise – much less be prejudicial – to Defendants.

### B. The Proposed Amendments Are Not Futile

The futility of an amendment is assessed under the standard for a Rule 12(b)(6) motion to dismiss. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). In this case, the proposed amendments are intended to and do address the remaining concerns expressed by the Court regarding Plaintiffs' RICO claim in the Reconsideration Decision, which modified the Court's August 2014 Decision and expressly recognized that the issue of relatedness is a mixed question of fact and law. *See Nicholsen v. Feeding Tree Style, Inc.*, 12 Civ. 6236 (JPO), 2014 U.S. Dist. LEXIS 14935, at *14 (S.D.N.Y. Feb. 6, 2014) (Oetken, J.) (citing *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[w]hen a court grants a motion to dismiss, it is appropriate to grant leave to amend unless amendment would be futile"). Given that the issue of relatedness is dependent on the specific factual allegations in the complaint, the narrow scope of the issues addressed in the proposed amendments, and the few remaining issues identified in the Reconsideration Decision, Plaintiffs respectfully submit that, if Defendants believe that the proposed Second Amended Complaint fails to adequately address the wire fraud and relatedness issues in the Reconsideration Decision, they should advance those arguments now and in opposition to this motion. Plaintiffs should then be permitted to file a reply brief consistent with the rules and practices governing briefs in opposition to a Rule 12(b)(6) motion to dismiss, including those concerning page limits. This arrangement will facilitate the speedy resolution of the remaining pleading issues concerning Plaintiffs' RICO claims, and advance the interests of judicial economy.

### C. The Proposed Amendments Are Timely And Offered In Good Faith

As set forth above, this motion for leave to amend was filed two weeks after the Court issued its Reconsideration Decision. There has been no delay by Plaintiffs, and this motion is therefore timely.

Further, the proposed amendments, like the substance of Plaintiffs' reconsideration motion, are offered in good faith. When the Court issued its August 2014 Decision in response to the Dismissal Motions, Plaintiffs disagreed with several of the Court's rulings and asked the Court to reconsider certain of its holdings. In the Reconsideration Decision, the Court clarified certain of its prior rulings on the pleading requirements for a wire fraud claim, and addressed whether the allegations in the First Amended Complaint sufficiently establish that the predicate acts alleged by Plaintiffs are related. There can be no credible argument that the allegations set forth in Plaintiffs' proposed Second Amended Complaint, which address the specific issues raised by the Court in its Reconsideration Decision, constitute anything other than a good faith attempt to address the Court's concerns.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion, allow Plaintiffs to serve and file a Second Amended Complaint, and grant Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
      April 27, 2015

                                              SMITH VALLIERE PLLC

                                              By: _____
                                                  Mark W. Smith, Esq.
                                                  Noelle Kowalczyk, Esq.

                                              1221 Avenue of the Americas, 42nd Floor
                                              New York, New York 10020
                                              (212) 755-5200
                                              msmith@svlaw.com
                                              nkowalczyk@svlaw.com

                                              *Attorneys for Plaintiffs*
                                              *The Honorable Otto J. Reich*
                                              *and Otto Reich Associates, LLC*

# CERTIFICATE OF SERVICE

I hereby certify this 27th day of April, 2015, that I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to the following attorneys of record, and is available for viewing and downloading:

Frank H. Wohl
Julia C. Green
Lankler Siffert & Wohl
500 Fifth Avenue, 34th Floor
New York, NY 10110
*Attorneys for Defendant Leopoldo Alejandro Betancourt Lopez*

Joseph A. DeMaria
Fox Rothschild LLP
200 South Biscayne Blvd.
Suite 3590
Miami, FL 33131
*Attorneys for Defendant Pedro Jose Trebbau Lopez*

Shawn Rabin
Susman Godfrey, L.L.P.
560 Lexington Avenue, 15th Floor
New York, NY 10022
*Attorneys for Defendant Francisco D'Agostino Casado*

/s/ Mark W. Smith
───────────────────
Mark W. Smith