Case 1:13-cv-05307-JPO-DCF Document 207 Filed 10/23/15 Page 1 of 4

SMITH VALLIERE PLLC

1221 AVENUE OF THE AMERICAS | 42ND FLOOR | NEW YORK NEW YORK 10020

Tel 212 755 5200
www.svlaw.com

Mark W. Smith
(212) 755-5220
msmith@svlaw.com

MEMO ENDORSED

October 23, 2015

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 11/5/15

**VIA ECF**

Honorable Debra C. Freeman
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re: ***The Honorable Otto J. Reich, et al. v. Betancourt Lopez, et al.*, No. 13-cv-5307**

Dear Judge Freeman:

We represent the Honorable Otto J. Reich and Otto Reich Associates, LLC (together, "Plaintiffs"), in the above-referenced matter.

Pursuant to the Court's July 2, 2015 Civil Case Management Plan and Scheduling Order, fact discovery in this matter must be completed by January 15, 2016, which is less than three months away. We write now to request that the Court extend that deadline and the deadlines governing the completion of expert discovery an additional 90 days to allow Plaintiffs time (i) to obtain international discovery from individuals located outside the United States, including Leopoldo Alejandro Betancourt Lopez ("Betancourt") and Pedro Jose Trebbau Lopez ("Trebbau"), who were named defendants in this suit; (ii) to translate and review a large number of Spanish documents in Plaintiffs' possession that may be responsive to D'Agostino's document requests; and (iii) for other extenuating circumstances warranting this extension of the discovery deadlines.

***Plaintiffs Will Have To Work Through The Venezuelan Courts To Obtain Discovery From Defendants Betancourt and Trebbau***

Plaintiffs commenced this action against Francisco D'Agostino Casado ("D'Agostino"), Betancourt and Trebbau, alleging claims for RICO violations, defamation and tortious interference. On August 18, 2014, Judge Oetken granted Defendants' motion to dismiss Plaintiffs' RICO claims and permitted Plaintiffs to take limited jurisdictional discovery of Defendants Betancourt and Trebbau. On April 30, 2015, Judge Oetken granted Betancourt's and Trebbau's renewed motions to dismiss for lack of personal jurisdiction (the "April 2015 Order"), finding that both individuals were Venezuelan domiciliaries outside the Court's jurisdiction,

notwithstanding their numerous contacts with New York. In May 2015, and while Plaintiffs' motion for reconsideration of Judge Oetken's April 30, 2015 Order was *sub judice*, Plaintiffs sought leave to file a second amended complaint to cure certain purported deficiencies in Plaintiffs' RICO claims that had been identified by the Court. Among other things, the reinstatement of Plaintiffs' RICO claims would have provided Plaintiffs with a separate and independent basis for personal jurisdiction over Defendants Betancourt and Trebbau, thereby subjecting them to discovery in this lawsuit. On October 9, 2015, Judge Oetken denied Plaintiffs' motion to amend their complaint (the "October 2015 Order").

In an attempt to obtain discovery of Betancourt and Trebbau in the United States, Plaintiffs served subpoenas for documents and testimony on their counsel. Counsel for Betancourt and Trebbau refused to accept service on behalf of their clients. Thus, Plaintiffs have no choice but to seek documents and testimony from Betancourt and Trebbau through the Venezuelan courts, where they are currently located and have conceded they are subject to jurisdiction.[1] The process to obtain documents and discovery through the Venezuelan court system is extremely arduous, expensive, and time-consuming.[2] Among other things, Plaintiffs must retain local counsel in Caracas and have the necessary documents translated into Spanish. These documents include document requests and a verbatim list of deposition questions, which are likely to be posed to the witnesses by a Venezuelan judge. Further, requests for documents must be highly specific and the proponent must demonstrate how the evidence being sought will be used in his case. This puts a very high burden on Plaintiffs, especially now when Plaintiffs have yet to receive the benefit of their other third-party discovery efforts and have just now begun to address Plaintiffs' concerns with D'Agostino's discovery responses and production, which are seriously deficient.

Plaintiffs need to use the information now being uncovered in discovery from D'Agostino and third parties to formulate the highly specific questions that the Venezuelan court system demands. D'Agostino has produced only 30 substantive pages of documents and virtually no substantive discovery responses. Thus, Plaintiffs are being denied discovery from D'Agostino, which we anticipate being the subject of a likely motion to compel in short order. It has therefore become apparent that Plaintiffs will require more time to complete fact discovery.

During the telephonic conference on June 29, 2015, the Court recognized the international nature of this dispute and indicated that Your Honor would consider longer discovery deadlines to accommodate delays associated with such international discovery. Plaintiffs respectfully submit that there is good cause to extend the deadlines here to allow Plaintiffs sufficient time to obtain discovery from Betancourt, Trebbau, and at least two other persons with knowledge of Plaintiffs' claims in Venezuela including Convit.

---

1 Plaintiffs also intend to seek discovery from Defendants' business partner Francisco Convit-Guruceaga ("Convit"). Plaintiffs allege that Betancourt and Trebbau instructed Convit to call Joaquin Urbano Berrizbeitia ("Urbano"), one of the largest shareholders of Banco Venezolano, to falsely tell Urbano that "Otto Reich is working for [Derwick]." This caused Banco Venezolano not to hire Plaintiffs.

2 Plaintiffs understand that it could take as long as four to six months for the discovery process to be completed in Venezuela.

Had Judge Oetken granted Plaintiffs' motion to amend and allowed the RICO claims to move forward, then the need for the type of international discovery now sought of D'Agostino's business partners and co-conspirators could have been avoided. However, now that the motion to amend has been denied, Betancourt and Trebbau's lawyers have refused to accept service on their clients, and Plaintiffs' best information indicates that Betancourt and Trebbau are hiding out in Venezuela, Plaintiffs are left with no alternative but to seek foreign discovery. This was flagged by Plaintiffs during our initial call with Your Honor as a potentially extenuating circumstance that would require the extension of the time for fact discovery.

***Plaintiffs' Document Review Includes A Significant Number Of Spanish Documents Still To Be Reviewed***

Within the past month, the parties have exchanged written discovery responses and are actively working through the meet-and-confer process to address their various issues. Last week, counsel completed their discussions concerning D'Agostino's discovery issues; they have just begun to address Plaintiffs' discovery concerns. On September 29, 2015, Plaintiffs produced several hundred pages of documents to D'Agostino; D'Agostino's production consists of only 30 pages of documents that do not constitute publicly available court filings. Notwithstanding Plaintiffs' issues with the sparseness of D'Agostino's production, Plaintiffs are continuing their review of potentially responsive documents and intend to supplement their initial production based, in part, on the agreements reached between counsel during the ongoing meet and confer process. However, Plaintiffs wanted to bring to the Court's attention that a significant number of documents in Plaintiffs' possession are written in Spanish and must be translated before Plaintiffs can make a determination as to their responsiveness to D'Agostino's requests. Plaintiffs also request that the Court extend the current discovery deadlines to allow Plaintiffs sufficient time to translate and review the Spanish documents in their possession. D'Agostino has complained that Plaintiffs have not completed their production, but the parties only exchanged formal document responses on September 10 and mutually agreed to adjourn initial productions until September 29, 2015.

D'Agostino has filed a motion to compel, which seeks documents beyond those Plaintiffs have agreed to produce already. By virtue of D'Agostino's discovery demands, and the outcome of the ongoing meet and conferral process, Plaintiffs have thousands of additional documents to review and potentially produce as part of responding to his discovery requests. While Plaintiffs have a good faith basis to believe that some of the materials D'Agostino seeks are objectionable, Plaintiffs have agreed to make the production in order to avoid the headaches and costs associated with further discovery disputes. Nevertheless, responding to these broadened requests from D'Agostino will require additional time.

***Other Extenuating Circumstances Warrant The Requested Extension of the Fact Discovery Deadline***

If the Court is inclined to deny the requested extension of discovery deadlines, Plaintiffs respectfully request a telephonic conference to allow Plaintiffs' counsel to inform the Court of other extenuating circumstances that warrant the extension, but not discussed herein.

* * *

Plaintiffs respectfully request that the Court extend the deadlines governing the close of fact discovery and the completion of expert discovery. Plaintiffs requested that D'Agostino consent to the proposed extension, but he has refused.

Respectfully,

Mark W. Smith

cc: Shawn Rabin, Esq. (counsel for Francisco D'Agostino Casado)

The previously named defendants from whom discovery is being sought were dismissed from this action in April 2015, and plaintiffs' motion for reconsideration of that dismissal was denied on August 5, 2015. At least by that date, Plaintiffs should have been well aware of the strong likelihood that, if discovery from those individuals were still needed to support plaintiffs' claims against the remaining defendant, then such discovery would have to be obtained through international channels. Plaintiffs have made no showing that they acted diligently to pursue such discovery. Indeed, it appears that plaintiffs have taken virtually no steps, to date, to obtain discovery from any sources in Venezuela. In the absence of a showing of diligence, the application for an extension of the discovery deadline is denied. This denial, however, is without prejudice to renewal of the application based on a showing of the purported "other extenuating circumstances" that plaintiffs allude to in their submission, yet do not disclose.

**SO ORDERED: DATE:** 11/5/15

**DEBRA FREEMAN**
**UNITED STATES MAGISTRATE JUDGE**